R.Bradley Griffin, OSB No. 072390
Mark E. Griffin, OSB No. 76152
Griffin & McCandlish
215 SW Washington St., Suite 202
Portland, OR 97204
brad@griffinmccandlish.com
Telephone: (503) 224-2348
Facsimile:  (503) 224-3634

FILED'09 JUL 10 11:18USDC-ORP

Attorneys for Plaintiff Susan D. Robinson

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SUSAN D. ROBINSON<br><br>Plaintiff,<br><br>v.<br><br>FIRST MAGNUS FINANCIAL CORPORATION, an Arizona corporation;SET2GO LOANS, INC., a California corporation,<br><br>Defendants | Case No. CV '09  6196  HO<br><br>COMPLAINT<br><br>Truth in Lending Act, Fraud, Oregon Mortgage Broker and Banker Statute<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION:

1.

This is a predatory lending case arising out of a refinanced home mortgage. In July 2007, an agent of Set2Go Loans, Inc. ("Set2Go") through fraud and deceit convinced the plaintiff to refinance the mortgage on the home she owned with her husband, Robert Robinson. The refinanced loan, made by First Magnus Investment & Loan ("First Magnus") were on less favorable terms than the Robinsons' prior mortgage. Set2Go charged approximately $4500 in loan origination fees alone to arrange this transaction. In addition to the fraudulent verbal disclosures made to the plaintiffs in conjunction with the loans, plaintiff also was given inaccurate and incomplete Truth in Lending Act disclosures. This lawsuit demands rescission of plaintiff's residential loan under the Truth in Lending Act, money damages, and other relief.

Page 1 - COMPLAINT

27916

JURISDICTION

2.

This court has jurisdiction of the case by virtue of 15 USC § 1640(e) and 28 USC §§ 1331, 1337, 1367.

PARTIES

3.

The plaintiff, Susan Robinson is a natural person.  She owns a home at 4716 Dakota Road SE, Salem, OR (hereinafter the "Residence") which is and has been at all times material to this action her principal residence.

4.

Defendant First Magnus Financial Corporation ("First Magnus") is an Arizona corporation.

5.

Defendant Set2Go Loans, Inc., ("Set2Go") is a California corporation that is or should have been licensed as an Oregon mortgage broker or banker under ORS 59.840, et seq.

6.

On information and belief, at all times relevant to this action, First Magnus regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, making them creditors under the Truth in Lending Act ("TILA"), 15 USC § 1602(f) and Regulation Z, 12 CFR § 226.2(a)(17).

7.

On information and belief, at all times relevant to this action, First Magnus is the current holder or assignee of the residential loan that is the subject of this action, making it liable for the loan's rescission under the Truth in Lending Act ("TILA"), 15 USC § 1635, and Regulation Z, 12 CFR § 226.23.

FACTUAL ALLEGATIONS:

8.

In the spring of 2007, Plaintiff Susan Robinson called Set2Go in response to an advertisement she received in the mail. The advertisement contained the name "Fremont Invs &Ln." Based on the information contained in the advertisement, the Robinsons believed that they would be communicating with Fremont Investment and Loan, the company that had provided their previous home loan. The advertisement also indicated that the Robinsons qualified for a refinance mortgage at a new low rate. Ms. Robinson called the number on the advertisement and spoke to a person who identified himself as Mike Rich ("Rich"), who misrepresented to her that he was associated with Fremont. Upon information and belief, Mr. Rich was acting as an employee or agent of Set2Go and was not affiliated with Fremont Investment

9.

Rich told the Robinsons that he could obtain a refinance loan for them on more favorable terms than their current loan. The Robinsons were led to believe that they could use the refinance loan pay off other debts and receive a loan that had a lower interest rate and lower monthly payments than their current mortgage. Rich and Set2Go assured plaintiff that the refinance loan could be accomplished very quickly. The refinance loan ultimately given to plaintiff contained less favorable terms than her original loan.

10.

Rich also advised the Robinsons to stop paying their current lender as the refinance loan would pay off the balance of the previous loan. Based upon this advice, the Robinsons stopped making payments on their mortgage loan. On the date of closing, after more than two months had elapsed, the Robinsons finally began to question the validity of the statements made by Rich, but plaintiff was placed in a position of accepting the loan in the form presented to her by Set2Go or defaulting on her current mortgage.

11.

At the direction of Rich and Set2Go, the Robinsons filled out numerous loan applications as joint borrowers. However, on the date of closing, the Robinsons learned that the loan would be in Ms. Robinson's name alone. When the Robinsons objected to this arrangement, Rich told them that a change to the loan paperwork could take weeks. Rich and Set2Go directed the Robinsons to sign a quit claim deed granting plaintiff sole ownership of the Residence, and to return to the recorder of deeds office in the future to have Robert Robinson's name placed back on the title.

12.

On or about July 12, 2007, a notary public came to the plaintiff's home with loan documents from Set2Go and First Magnus. Plaintiff signed the documents as instructed but was not given the opportunity to read them with care before signing. Plaintiff later discovered that she not given all loan documents and disclosures at or before the time of signing.

13.

In the course of processing and underwriting the plaintiffs' loan on or about July 12, 2007, Set2Go prepared a loan application on plaintiff's behalf that misrepresented plaintiff's income without plaintiffs' knowledge or consent. On information and belief, the application was transmitted to First Magnus prior to the loan's closing.

14.

On information and belief, First Magnus committed to fund plaintiff's loan originated by Set2Go prior to the loan's underwriting, approval, signing, and funding; Set2Go was the conduit between plaintiff and First Magnus during the loan origination process and acted as First Magnus's agent during all phases of loan application, underwriting, closing, and funding the plaintiff's loan.

15.

On information and belief, First Magnus set its own approval conditions for the

plaintiff's loan, participated in underwriting the loan, and performed an independent review of the plaintiff's loan application and supporting documentation.

16.

On information and belief, First Magnus paid Set2Go and/or Rich a yield spread premium in connection with the plaintiffs' refinance.

FIRST CLAIM FOR RELIEF

Fraud

(against Set2Go and First Magnus)

17.

Plaintiff realleges and incorporates by reference paragraphs 1 through 16.

18.

In its capacity as an agent of First Magnus, Set2Go made the following false representations to plaintiffs:

A. That the loans arranged for them were the best plaintiff could qualify for at the time;

B. That Set2Go and /or Rich were associated with plaintiff's original lender;

C. That loan payments would be less than the payments under plaintiff's prior loan;

D. That Set2Go would verify plaintiff's income, assets, and creditworthiness prior to approving the loan.

19.

Set2Go additionally made the following false representations and omissions in connection with plaintiffs' loans and transmitted documents to First Magnus that revealed the false representations:

A. Set2Go and/or First Magnus falsely completed the plaintiff's loan application.

B. Set2Go omitted to tell the plaintiff that, based upon the income and asset information plaintiff had supplied, the loan Set2Go and First Magnus was saddling her with was unaffordable and unsuitable for plaintiff and ultimately would lead to the plaintiff's loss

of the residence.

20.

Defendants knew or should have known that the representations alleged in paragraphs 18 and 19 were false and made those representations, or omitted to inform plaintiffs of the truth, to induce the plaintiff to enter into the loan refinance transaction with Set2Go and First Magnus. Defendants knew that the plaintiff's preexisting mortgage was more favorable to the plaintiff than the refinance she was defrauded into making.

21.

As a result of defendants' false representations, plaintiff was damaged in the following ways:

A. Plaintiff entered into an unnecessary refinance loan that caused her to incur approximately $10, 250.00 in closing fees and costs.

B.  Plaintiff's monthly loan principal and interest payment on her residence increased by approximately $200.00 per month, not including taxes and insurance, when Set2Go promised that her loan payment would decrease. This additional interest, calculated over the life of the loan, is an item of plaintiff's damages, and will be calculated with more specificity at trial.

D.  Discovering that she had been cheated by the defendants caused plaintiff severe emotional distress in the form of anxiety about whether she would be able to make the new payments, and at the prospect of losing her home to foreclosure. Plaintiff has been damaged in the amount of $20,000.00.

22.

Defendants' misrepresentations to plaintiff were made with malice; alternatively, defendants have shown a reckless and outrageous indifference to a highly unreasonable risk of harm and have acted with a conscious indifference to the welfare of others, warranting an award of punitive damages to be proven at trial, at a minimum amount of $2,000,000.00.

23.

First Magnus is jointly and severally liable for the fraud because First Magnus acted in concert with Set2Go, or pursuant to a common design with it, to defraud the plaintiffs; or gave substantial assistance to Set2Go in accomplishing the fraud upon the plaintiffs, while its own conduct, separately considered, constituted a breach of duty to the plaintiffs.

## SECOND CLAIM FOR RELIEF

Oregon Mortgage Broker and Banker Statute, ORS 59.840, *et seq.*

(against Set2Go)

24.

Plaintiff realleges and incorporates by reference paragraphs 1 through 23.

25.

Defendant Set2Go has transacted business as a mortgage banker or mortgage broker by means of untrue statements of material facts or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, in violation of ORS 59.925(b).

26.

As a result of defendant's violations of ORS 59.925(a) and (b), plaintiff has suffered an ascertainable loss consisting of the closing costs of approximately $10, 250.00 and additional interest she is committed to pay under the terms of the new loans.

## THIRD CLAIM FOR RELIEF

Truth in Lending Act

(against First Magnus)

27.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 23.

28.

First Magnus's residential loan to plaintiff is a consumer credit transaction subject to the plaintiffs' right of rescission pursuant to TILA, 15 USC § 1635, and Regulation Z, 12 CFR § 226.23.

29.

At the consummation of the refinanced loan transactions, First Magnus failed to deliver to plaintiff all correct material disclosures required by TILA.

30.

Pursuant to 15 USC §1635(a) and 12 CFR § 226.23(a)(3), plaintiff has a continuing right to rescind the refinance loan for up to three years following its consummation.

31.

As a result of the aforesaid violations of TILA, pursuant to 15 USC § 1635(a) and 1640(a), First Magnus is liable to plaintiff for:

A.  Actual damages in an amount to be determined at trial, including but not limited to return of any money or property given by the plaintiff to anyone in connection with this transaction, including all loan fees and costs paid in connection with the loan and all payments made by plaintiff;

B.  Statutory damages of $4,000.00; and

C.  Reasonable attorney fees and costs.


PRAYER FOR RELIEF:

WHEREFORE, plaintiff prays for:

1.  On her first claim for relief (Fraud):

    A.  Actual damages in an amount to be proven at trial;

    B.  Non-economic damages in the amount of $20,000.00..

    C.  Punitive damages in the amount of at least $2,000,000.

2.  On her second claim for relief (ORS 59.925):

    A.  Actual damages in an amount to be proven at trial;

    B.  Attorneys fees pursuant to ORS 59.925(8).

    C.  Punitive damages of at least $2,000,000.

    D.  Reasonable costs of the action.

3.  On her third claim for relief (TILA):

    A.  Actual damages in an amount to be proven at trial, including but not limited to plaintiff's closing costs and all payments made on the loan, together with prejudgment interest;

    B.  Statutory damages under TILA of $4000.00;

    C.  Attorneys fees pursuant to 15 USC § 1640(a)(3);

    D.  A court order declaring valid the plaintiff's exercise of rescission under the Truth in Lending Act.

    E.  Reasonable costs of the action.


JURY DEMAND:

Plaintiff hereby demands trial by jury.


DATED this 10th day of July, 2009.

Respectfully submitted,

By:_____

R. Bradley Griffin, OSB No. 072390
Mark E. Griffin, OSB No. 76152
GRIFFIN AND McCANDLISH
215 SW Washington St, Suite 202
Portland, OR 97204
brad@griffinmccandlish.com
Telephone: (503) 224-2348
Facsimile:  (503) 224-3634